**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:00-CV-00214-DBS-PAC

SIERRA FUNDING CORPORATION,
a Colorado corporation,

      Plaintiff,

vs.

SIERRA FUNDING GROUP,

      Defendant.

_____

**FINAL JUDGMENT'S SUPPLEMENTAL FINDINGS OF FACT,**
**CONCLUSIONS OF LAW, DECREES AND ORDERS**
_____

      The *Stipulated Cross-Consent Decree and Final Judgment* entered by this Court on April 12, 2002 (Docket. # 79) is hereby amended to include the following:

**FINDINGS OF FACT**

      11.    Defendant SFGroup dissolved on August 31, 2004. Defendant SFGroup had ceased all use of the SIERRA FUNDING service mark as of its dissolution on August 31, 2004, if not earlier.

      12.    In accordance with Paragraph 9 of the parties *Settlement Agreement and General Release* effective October 8, 2001 ("Settlement Agreement"), Plaintiff SFCorp. provided adequate notice to Defendant SFGroup of SFGroup's Persistent Non-Use of the SIERRA FUNDING mark as that term is defined by the Settlement Agreement. SFGroup failed to provide sufficient evidence of its use of the SIERRA FUNDING mark

during the period of Persistent Non-Use as provided by Paragraph 9 of the Settlement Agreement.

13.   The Cancellation Proceeding No. 92031703 was dismissed by the Trademark Trial and Appeal Board of the United States Patent and Trademark Office on July 13, 2004.

14.   At least as of the date of this Order, Defendant SFGroup has no rights in the SIERRA FUNDING term which are adverse to Plaintiff SFCorp.'s rights in the SIERRA FUNDING mark.

## CONCLUSIONS OF LAW

E.   As of August 15, 2003, the deadline for which SFGroup was required to prove use of the SIERRA FUNDING mark to Plaintiff, any and all rights SFGroup had in the SIERRA FUNDING service mark or term, including those rights discussed in Paragraphs 2, 7, 9-10, and I-V of the Final Judgment, automatically transferred or reverted to Plaintiff SFCorp.

## DECREE AND ORDER

VI.   As of the date of this Order, Plaintiff SFCorp. is no longer permanently enjoined from using the term SIERRA FUNDING in the manner described in Paragraph I of the Final Judgment.

VII.   In view of the supplemental Findings of Fact and Conclusions of Law included herein, the limitations on Plaintiff SFCorp.'s use of the SIERRA FUNDING mark as discussed in Paragraphs II-V, and the allowances of Defendant SFGroup's use of

the SIERRA FUNDING mark as discussed in Paragraphs II-V are moot, and therefore, are rescinded and/or vacated.

VIII. In view of the supplemental Findings of Fact and Conclusions of Law included herein, the direction in Paragraph V that the Commissioner of Trademarks of the United States Patent and Trademark Office is to rectify the Principal Register as it pertains to U.S. Registration No. 2,287,318 for SIERRA FUNDING by limiting the geographic scope of such registration to the states of Colorado and Wyoming is moot, and therefore, is rescinded and/or vacated.

IX. In view of the supplemental Findings of Fact and Conclusions of Law included herein, that portion of Paragraph V of the Decree and Order directing the Commissioner of Trademarks of the United States Patent and Trademark Office to dismiss with prejudice Cancellation No. 92031703 has been satisfied, and therefore, is rescinded and/or vacated.

X. In view of the supplemental Findings of Fact and Conclusions of Law included herein, the direction in Paragraph V of the Final Judgment that the Commissioner of Trademarks shall promulgate a concurrent registration of the SIERRA FUNDING mark to Sierra Funding Group as owner of the mark in all states except Colorado and Wyoming is moot, and therefore, is rescinded and/or vacated.

It is further Ordered that Plaintiff's Motion to be Relieved from Final Judgment under F.R.Civ.P. 60(b)(5) or (6) (Docket # 80) is Denied as moot.

It is further Ordered that Plaintiff's Motion to Seal (Docket # 82), referring to certain documents submitted at the October 20, 2005 hearing, is Granted.

4

It is further Ordered that Plaintiff's Supplemental Motion to be Relieved from Final Judgment under F.R.Civ.P. 60(b)(5) or (6) (Docket # 87) is Granted as set forth herein.

DATED this 17thday of November, 2005.

    s/ Daniel B. Sparr
Daniel B. Sparr
Senior United States District Judge